IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00102-MSK-KLM

DANIEL MARTINEZ JR.,
NATHAN MARTINEZ,
DANIEL MARTINEZ III, and
JONATHAN MARTINEZ,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipality,
JASON VALDEZ, in his individual and official capacity,
ROBERT MARTINEZ, in his individual and official capacity,
ROBERT MOTYKA, in his individual and official capacity, and
BRYCE JACKSON, in his individual and official capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to File Amended Complaint** [Docket No. 61; Filed July 20, 2012] (the "Motion"). On August 9, 2012, Defendants filed a Response [#65] in opposition to the Motion, and on August 23, 2012, Plaintiffs filed a Reply [#66]. The Motion is thus fully briefed and ripe for resolution. For the reasons set for below, the Motion is **GRANTED**.

This matter pertains to Defendants' alleged violation of Plaintiffs' constitutional rights in connection with Plaintiffs' arrest at their home on January 27, 2009. *See Scheduling Order* [#20] ¶ 3.a. Specifically, Plaintiffs contend that Denver law enforcement personnel were informed that drug and prostitution activity was occurring at Plaintiffs' residence. *Id.*

However, the former tenants of the residence, who were allegedly responsible for the illegal activity, had been evicted in early December 2008. *Id.* On January 27, 2009, Plaintiffs allege that Defendants Jason Valdez, Robert Martinez, Robert Motyka, and Bryce Jackson (collectively, the "Officer Defendants") entered Plaintiffs' home and forcibly arrested them. *Id.* The charges against some Plaintiffs were dismissed, and other Plaintiffs were found not guilty by a jury. *Id.*

Plaintiffs make the following claims pursuant to 42 U.S.C. § 1983: (1) Fourth Amendment violation based on excessive force; (2) Fourth Amendment violation based on false arrest and unlawful seizure; (3) constitutional failure to train and/or supervise; (4) Fourth and Fourteenth Amendment violations based on unlawful entry; (5) Fourth and Fourteenth Amendment violations of procedural due process based on malicious prosecution; and (6) Fourth and Fourteenth Amendment violations of procedural due process based on vindictive prosecution. *Compl.* [#1] ¶¶ 41-97.

Discovery in this matter closed on April 11, 2012. *Minute Order* [#46]. More than one year later (May 31, 2012), the Officer Defendants filed a Motion for Partial Summary Judgment [#50]. In part, that motion sought judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) relating to Plaintiffs' sixth claim for vindictive prosecution. *Mot. for Partial Summ. J.* [#50] at 15. Also on May 31, 2012, Defendant City and County of Denver ("Denver") filed a Motion for Summary Judgment [#51] on Plaintiffs' third claim for failure to train and/or supervise. That motion construed Plaintiffs' Complaint as asserting only the third claim against Defendant Denver. *Mot. for Summ. J.* [#51] at 1.

Plaintiffs seek to amend the Complaint to clarify these asserted deficiencies. A vindictive prosecution claim requires Plaintiffs to demonstrate that Defendants "engaged

in conduct that would not have occurred but for [their] desire to punish [Plaintiffs] for exercising a specific legal right." *United States v. Sarracino*, 340 F.3d 1148, 1178 (10th Cir. 2003). Defendants aver that Plaintiffs' Complaint fails to allege the exercise of any specific legal right. *Mot. for Partial Summ. J.* [#50] at 15. In the Motion, Plaintiffs seek to amend the Complaint to allege the exercise of specific legal rights already purportedly supported by the facts in their Complaint. *Motion* [#61] at 7-8. In connection with the claims made against Defendant Denver, Plaintiffs seek to make explicit that, in fact, all six claims in the Complaint were brought against Defendant Denver. *Id.* at 8-9.

As a preliminary matter, the pleading amendment deadline expired on May 30, 2011. *Sched. Ord.* [#20] at 8. The present Motion was filed on July 20, 2012 and, therefore, is untimely. Accordingly, Plaintiffs must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs contend that they could not meet the pleading amendment deadline because they were unaware of the asserted pleading deficiencies until a year after the deadline had passed. *Motion* [#61] at 4-5; *Reply* [#66] at 2-3. Defendants counter that Plaintiffs' conduct does not evidence the diligence necessary to satisfy the Rule 16(b)(4) good cause standard. *Response* [#65] at 2-23.

The facts relevant to the good cause determination are set forth in the Motion. Plaintiffs state that they were unaware of any alleged pleading deficiencies until Defendants filed their motions for summary judgment [#50, #51] on May 31, 2012. *Motion* [#61] at 2-3. Plaintiffs assert that Defendants did not confer with them about either issue prior to filing their motions for summary judgment. *Id.* at 2. On July 6, 2012, Plaintiffs filed their responses to the motions for summary judgment [#55, #56] and two weeks later filed the present Motion [#61] seeking to amend the Complaint.

Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline," and this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). The Court notes Plaintiffs' assertion that they had no knowledge that Defendants thought the Complaint was deficient until a year after the pleading amendment deadline expired. Defendants do not disagree that these issues were not previously raised. Plaintiffs acted within fifty days of obtaining this knowledge to clarify what they already thought was clear in the Complaint. Finally, while surprise and the length of the delay are not traditional considerations in determining whether a party has been diligent, the Court notes that Defendants apparently surprised Plaintiffs by raising these issues and that Plaintiffs moved quickly to address the perceived deficiencies in their Complaint. The Court further notes that it is arguable whether amendment of the Complaint is necessary. As indicated above, the Complaint already alleges facts relating to Plaintiffs' exercise of specific legal rights, so as to support the vindictive prosecution claim. *Compl.* [#1] at 4, 21. Moreover, the Complaint can fairly be read to assert all six claims against Defendant Denver. *Id.* at 7, 9, 10, 12, 13, 14.

The Court finds that, under these circumstances, Plaintiffs have provided good cause for requesting leave to amend outside the pleading amendment deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001).

With good cause shown pursuant to Rule 16(b)(4), the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. The Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ.

P. 15(a)(2). In situations where the request falls outside the pleading amendment deadline and good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants argue that amendment should be denied based on undue delay, undue prejudice, and futility. *Response* [#65] at 1.

First, concerning delay, "[t]he important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter*, 451 F.3d at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted). The Court credits Plaintiffs' assertion that they believed that the Complaint adequately averred the exercise of specific legal rights and pled all six claims against Defendant Denver. The Court further notes that Plaintiffs acted quickly to correct perceived deficiencies once they were made aware of them. Under these circumstances, the Court finds that Plaintiffs did not unduly delay.

Second, as previously noted, the Court may deny a motion to amend based on undue prejudice to the nonmoving party. *See Minter*, 451 F.3d at 1205. Defendants

waived service of the Complaint on February 8, 2011 [#6]. They have had since that date to address the asserted pleading deficiencies either by conferral with opposing counsel or by motion, but they failed to do so. Thus, any prejudice to Defendants is at least in part attributable to their own long delay. Regardless, there is time to cure any perceived prejudice against Defendants, because Defendants do not convincingly assert that the requested amendment will require any specific additional discovery,[1] a Final Pretrial Order has not been entered in this matter, and a trial date has not been set. The Court therefore finds that Plaintiffs' amendments will not cause Defendants undue prejudice. *See Foman*, 371 U.S. at 182 (stating that the opposing party must be *unduly* prejudiced by the proposed amendment).

Third, concerning futility, an amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). The merits of Plaintiffs' claims are presently before the District Judge in the form of Defendants' motions for summary judgment. The Court is of the opinion that the amendments sought are not necessary but will provide additional clarity to Plaintiffs' claims. For example, with respect to Defendant Denver, Defendants' Answer [#12] provides no indication that they construed only the third claim to apply to Defendant Denver. Rather, they indicated that all Defendants were answering all claims. *See Answer* [#12] at 7-10 (using language such as "Defendants incorporate," "Defendants admit," and "Defendants deny" in connection with responding to each claim without designating that they believed

---

[1] Defendants generally state that they will require "additional discovery" based on "new aspects of the case" but fail to provide any detail on the subject. *See Response* [#65] at 3.

only certain claims were made against certain Defendants). *See, e.g.*, *Zhu v. Fed. Housing Fin. Bd.*, 389 F. Supp. 2d 1253, 1267 n.6 (D. Kan. 2005) (construing the complaint to allege each claim against each of the defendants). The Court views Defendants' arguments as an attempt to gain an undue tactical advantage. Based on this assessment, as well as on the parties' apparently shared belief that the proposed amendments will enhance Plaintiffs' pleading, the Court does not find that amendment would be futile.

The Court therefore finds that justice would be served by permitting amendment of the Complaint. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#61] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' Amended Complaint [#61-19] for filing as of the date of this Order. Defendants shall respond to the Amended Complaint **on or before October 1, 2012**.

Dated: September 18, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge